# Sterling, et al., v. H. F. Watson Company, Appellant.

*Corporations—Preferred stock—Retirement—Stock dividend.*

Where preferred stock was issued by a corporation, the certificates of which contained the following provision: "The stock represented by this certificate is a portion of the preferred stock authorized by the stockholders, in pursuance of the Acts of Assembly of April 18, 1874, P. L. 61; April 3, 1872, P. L. 37, and April 28, 1873, P. L. 79, is entitled to cumulative semi-annual dividends of four per cent. each on the par value of the stock, payable from the net earnings of the company; and is subject to the right of the H. F. Watson Company, at its option, to retire and extinguish the same, upon the payment to the owner thereof of all arrears of dividends, and the par value thereof, at any time after April 6, 1907," the corporation cannot compel the holders to surrender their stock for purposes of redemption, except upon payment in cash of accumulated dividends and the par value of the stock. The fact that subsequent to the issuance of the preferred stock, a stock dividend had been declared by the corporation, some of which stock was distributed to the preferred stockholders, does not affect their rights. Such new stock, if so distributed, cannot be regarded as a payment on account of the semi-annual dividends to be paid in cash as a preference on the par value of the preferred stock out of the net earnings.

Argued April 29, 1913. Appeal, No. 378, Jan. T., 1912, by defendant, from decree of C. P. Erie Co., May T., 1912, No. 3, In Equity, awarding an injunction on bill in equity in case of W. B. Sterling, Ralph Worthington, Davis Rees and J. H. Richardson v. H. F. Watson Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before WALLING, P. J.

From the record it appeared that the H. F. Watson Company was a Pennsylvania manufacturing corporation. On April 6th, 1897, it increased its capital stock

from $750,000.00 to $1,000,000.00, such increase to consist of cumulative preferred stock. The certificate of preferred stock contained the following clause:

"The stock represented by this certificate is a portion of the preferred stock authorized by the stockholders, in pursuance of the Act of Assembly of April 18, 1874, April 3, 1872, and April 28, 1873; is entitled to cumulative semi-annual dividends of four per cent. each on the par value of the stock, payable from the net earnings of the company; and is subject to the right of the H. F. Watson Company, at its option to retire and extinguish the same upon the payment to the owner thereof of all arrears of dividends, and the par value thereof, at any time after April 6, 1907."

Three hundred and sixty of these preferred shares were purchased by the plaintiffs at par and certificates were duly issued to them by the company, and are still held and owned by them. On November 11, 1897, one semi-annual dividend was declared on said shares, payable as of October 1, 1897, which dividend was paid in cash to one of the plaintiffs and credited to the others upon the books of the company. On January 20, 1904, only 410 of said 2,500 preferred shares having been sold or issued the company resolved to change the remaining 2,090 shares from preferred to common shares and thereupon declared a "stock dividend" of 25 per cent., "to be paid in common stock to all holders of either preferred or common stock as their interest may appear upon the stock book to-day." Said stock dividend was distributed to all common and preferred stockholders alike and receipted for by them as a "stock dividend." The common stock at this time was worth from 40 to 50 cents on the dollar. At the time this action was taken, the plaintiffs were minority holders of the stock of the company as well as minority directors.

No further or other dividends were paid by the company after the issue of the preferred shares in 1897.

The company having been prosperous, its stockholders and directors resolved in January, 1912, against the protest and votes of the plaintiffs, to redeem the preferred shares by paying on February 15, 1912, the par value thereof and accrued dividends to October 1, 1911, and deducting therefrom the par value of said 25 per cent. stock dividend which had been distributed eight years before to all stockholders as aforesaid. Said resolution further declared that the financial condition of the company justified such redemption and payment of dividends and also declared that after October 1, 1911, all further earnings and dividends on said preferred shares should cease and determine, and that none of said preferred shares should afterwards be transferred upon the books of the company.

The plaintiffs filed their bill of complaint, asking that the company be restrained from carrying said resolutions into effect, from stopping said dividends as of the preceding October 1st, from refusing transfers, from paying dividends upon the common stock until dividends upon said preferred shares were first paid in full, and for a decree for the payment of all arrears of preferred dividends which the company, by said resolutions, had declared itself able to pay.

The court filed the following conclusions of law:

First.—The four per cent. semi-annual cumulative dividends provided for the preferred stock are in our opinion cash dividends and to that extent the preferred stock has a preference over the common stock.

Second.—The 25 per cent. stock dividend declared and distributed in 1904, pro rata to the holders of common and preferred stock added nothing to the property of the company, and took nothing out of its treasury; and did not add to the value of the holdings of the respective stockholders; and should not be deducted from the said cumulative semi-annual dividends due plaintiffs on their preferred stock.

Third.—That defendants having voluntarily declared such stock dividend cannot now set it off against the semi-annual dividends due plaintiffs on their preferred stock. The semi-anual dividends are in the nature of a preference and not a limitation.

Fourth.—That defendant company has the right at its option to retire such preferred stock upon payment to the holders thereof the par value of the same together with all arrears of dividends. And such arrears of dividends are the four per cent. semi-annual dividends from the issue of such certificates to the time of actual payment or tender. The facts do not justify a finding that plaintiffs are now entitled to any other dividends.

Fifth.—Until such stock is retired plaintiffs are entitled to the rights of stockholders, and under proper regulations, to have their stock transferred on the books of the defendant company.

Sixth.—Plaintiffs are entitled to relief and a decree should be made requiring defendant to pay them such cumulative semi-annual dividends in full to date of payment, except as to the one semi-annual dividend heretofore paid Mr. Richardson, and also such decree as will secure plaintiffs the right to transfer of their stock upon defendant's books, and that the costs of this case be paid by the defendant.

Seventh.—In our opinion this case is ruled by Fidelity Trust Company v. Lehigh Valley Railroad Company, 215 Pa. 610, and plaintiffs' contention is also to some extent sustained by Sternbergh v. Brock, 225 Pa. 279.

A decree as above was accordingly entered. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*Louis Rosenzweig,* for appellant.—It makes no difference whether the dividend is declared in stock or paid in cash and thereafter converted into stock by the share-

holders; in either event it is a distribution of the surplus profits of the corporation: Rose v. Barclay, 191 Pa. 594; Com. v. R. R. Co., 29 Pa. 370; Com. v. Ry. Co., 74 Pa. 83; Allegheny v. Ry. Co., 179 Pa. 414.

*Frank Gunnison,* of *Gunnison, Fish, Gifford & Chapin,* for appellees.—The company is not entitled to deduct the par value of the stock dividends declared in 1904 from the par value and accrued dividends upon the preferred stock at redemption in 1912: Sternbergh v. Brock, 225 Pa. 279; Great Western Min. & Mfg. Co. v. Harris, 198 U. S. 561 (25 Sup. Ct. Repr. 770); Rose v. Barclay, 191 Pa. 594; Allegheny v. Ry. Co., 179 Pa. 414; Fidelity Trust Co. v. Lehigh Valley R. R. Co., 215 Pa. 610.

The certificate in question contemplated the payment of four per cent. semi-annual dividends in cash and not in common stock: Com. v. Ry. Co., 74 Pa. 83; Allegheny v. Railway Co., 179 Pa. 424; Terry v. Eagle Lock Co., 47 Conn. 141; State v. Franklin Bank, 10 Ohio 91.

OPINION BY MR. JUSTICE ELKIN, May 12, 1913:

This case was so carefully considered and so properly decided by the learned court below that but little if anything of value can be added by an extended discussion of the points involved in the controversy here. The appellant corporation desires to retire its preferred shares of stock as it has the right to do upon the conditions contained in the certificates of the preferred shareholders. Appellant is a Pennsylvania corporation and has the power to issue both preferred and common stock. The certificates representing preferred stock contain the following provisions: "The stock represented by this certificate is a portion of the preferred stock authorized by the stockholders, in pursuance of the Acts of Assembly of April 18, 1874, P. L. 61; April 3, 1872, P. L. 37, and April 28, 1873, P. L. 79, is entitled to cumulative semi-annual dividends of four per cent. each

on the par value of the stock, payable from the net earnings of the company; and is subject to the right of the H. F. Watson Company, at its option, to retire and extinguish the same, upon the payment to the owner thereof all arrears of dividends, and the par value thereof, at any time after April 6, 1907." The certificate is a contract between the parties and means exactly what it says. The preferred stock is cumulative and the semi-annual dividends are given a preference out of the net earnings. These dividends being made payable out of the net earnings at stated periods must necessarily be understood as payments in cash at the dividend periods. Any other construction would be in disregard of the every-day experience of business men and would do violence to the common understanding of parties dealing in matters of this character. The dividend rate and the times of payment clearly indicate that the parties intended the preferred dividends to be paid in cash out of the net earnings and not in any other manner. Appellant has the right to retire the preferred stock, but before exercising that right it must be prepared to pay the par value of the preferred shares, together with all unpaid dividends at the rate of four per centum semi-annually to the time of actual payment or tender. This is what the court below held and there can be no doubt as to the correctness of the conclusion. The fact that a stock dividend of twenty-five per centum of the issue then outstanding was declared and the stock thus issued divided between the common and preferred shareholders according to their respective holdings has no bearing on the question involved in this controversy. Whether this be regarded as a gratuity to all stockholders, or as representing the value of current assets, makes no difference so far as the right of the preferred shareholders to demand as a preference payment of their dividends at the rate of four per centum semi-annually out of the net earnings. This was a preference to which these shareholders were enti-

tled under their contract and before the preferred stock is retired these dividends must be paid as provided in the certificates. It was so stipulated in the contract with the preferred shareholders and they have the right to insist upon performance according to the terms of that contract. These dividends are preferences and not limitations. When the preferred dividends are paid, and dividends out of the net earnings from year to year of an equal amount have been declared and paid on the common stock, then all of the stock, common and preferred, has the right to participate in the distribution of surplus earnings upon an equal basis. This is the doctrine of Fidelity Trust Company v. Lehigh Valley R. R. Co., 215 Pa. 610, and Sternbergh v. Brock, 225 Pa. 279. The principle is sound and is sustained by the great weight of authority. We agree with the learned court below that in principle these cases rule the one at bar. In the present case appellant corporation distributed among all of its stockholders an additional issue of stock, and in the division of this stock no distinction was made between common and preferred shareholders, but this was a matter for the stockholders to determine in the issue of the new stock and it in no way affected the preference in the payment of semi-annual dividends to which the preferred stock was entitled. That the new stock was not issued as a preference to preferred shareholders is shown by the fact that it was distributed to holders of common and preferred stock alike according to their respective holdings.

We cannot agree with the learned counsel for appellant that the par value of the new stock issued to preferred shareholders should be regarded as a payment on account of the semi-annual dividends to which they were entitled. There is nothing in the contract of the parties to warrant the payment of semi-annual dividends by the issue of new stock. These dividends must be paid out of net earnings and not by the issue of new stock.

We concur in the views expressed by the learned court below and find no error in the disposition made of the case.

Decree affirmed at the cost of appellant.