Littleton, Judge,
delivered the opinion of the court:
The question presented in this case is whether the interest coupon upon which this suit is based covering the period April 15 to October 15, 1934, is an obligation of the United States upon which this action can be maintained, in view of the terms of the Liberty bond obligation and notice of call for redemption on April 15, 1934.
Plaintiff contends (1) that the provisions of the bond and circular with respect to payment of gold are valid, notwithstanding the joint resolution of Congress of June 5, 1933, and the Gold Keserve Act of January 30,1934; (2) that the lack of remedy found to exist in Perry v. United States, 294 U. S. 330, is not material in this case, inasmuch as plaintiff is not suing for gold, and is not seeking damages for failure to pay gold, but is claiming only that the Government was without authority to call the bonds in advance of maturity unless it tendered gold or its equivalent; (3) that the failure of the Government to pay this bond in gold when presented March 11,1935, invalidated the call; that the condition upon which interest was to cease was that six months’ notice be *661 given and that the bonds be redeemed when presented, in United States gold coin of the former standard of value, and that, inasmuch as this condition was not fulfilled, interest did not cease; (4) that the action of Congress in refusing to permit the payment of gold coin and attempting to invalidate the Government’s obligation to pay in such coin, coupled with the refusal of the Treasurer to pay this bond and former coupons in gold coin constituted a repudiation of the Government’s obligation on the bond and that,, while such repudiation continued, the Government could not. assert an option given it against the plaintiff to redeem the bond; (5) that the call issued in Treasury Department Circular 601 on October 12, 1933, was void ab initio, for the reason that in view of the action of Congress and the President in requiring all gold to be delivered to the United States, which action was taken prior to June 1933, and in view of the joint resolution of June 5, 1933, the call was an attempt to call these bonds by the payment of currency.
Plaintiff seeks to recover interest and its case rests upon a contractual obligation. At the outset it should be noted that the United States is not liable for interest, except by its express consent by statute or contract, and that its obligation to pay interest in any case is limited strictly to the terms of the statute or contract providing therefor. Plaintiff’s bond stated that it was issued pursuant to Treasury Department Circular 121 of September 28, 1918, and incorporated by reference the provisions of that circular. The bond and this circular therefore constitute the Government’s contract. In this circular, under the heading “Pate of Interest, Date of Bonds, Maturity and Eedemption” is contained the following provision:
The bonds will mature October 16, 1938, but the issue may be redeemed at the pleasure of the United States on and after October 15,1933, in whole or in part, at par and accrued interest, on any interest day or days on six months’ notice given in such manner as the Secretary of the Treasury shall prescribe * * *. From the date of redemption designated in any such notice interest on bonds called for redemption shall cease.. [Italics ours.]
*662 In addition, the Fourth. Liberty bond purchased by plaintiff, to which the interest coupon involved in this case was attached, provided that “The United States of America for value received promises * * * to pay interest on said principal sum * * * wntil the principal hereof shall he payable.” [Italics ours.]
It seems clear to us from the above that by the agreement •of the parties the obligation of the defendant to pay interest on the bond ceased upon the issuance of notice of call and passage of time to the date designated for redemption in such notice. It is agreed that a notice of call was issued and a date fixed for redemption prior to the period for which plaintiff is now demanding interest. Moreover, the contract between the parties did not require that there be a redemption of the bond in order that interest on the obligation as such should terminate. It required only the giving of notice of call for redemption, which was admittedly done, and the arrival of the date specified in that notice. This fact and the provision of the bond itself that interest would run only until the principal of the bond should become payable distinguish the case of Sterling v. Watson Co., 241 Pa. 105, and Corbett, Executrix, v. McClintic Marshall Corp., 17 Del. Chan. 165, cited and relied upon by plaintiff.
The clause in the bond in question that the United States will pay interest on the principal of the bond “until the principal hereof shall be payable” clearly discloses that the interest obligation was to run only until the date designated for redemption, namely, wThen the principal became “payable.” It cannot be denied that the principal was payable April 15, 1934. Plaintiff concedes that by virtue of the notice of call for redemption the principal of the bond became payable, but contends that the bond holder also had the option of availing itself of the terms of the call and suing for immediate payment. But the word “payable” does not mean paid.
In Morgan v. United States, 113 U. S. 476, it was held that the purchase of bonds of the United States after the redemption date was not, under the circumstances, a purchase of discredited paper within the usual rules relating to negotiable instruments, and the court said “The legal effect of the call undoubtedly is to entitle the holder to demand pay *663 ment at its maturity and, even though, not demanded to exonerate the Government from liability for interest accruing after that date, * * * the obligation to pay interest ceases because that is the contract to which the holder of the bond has consented, and to which he submits.” See also Perry v. United States, supra; Compania de Inversiones Internacionales v. Mortgage Bank of Finland, 269 N. Y. 22 (certiorari denied); Spaulding v. Lord, 19 Wisc. 533.
The interest coupon sued upon also conditioned the right of the holder to demand interest, upon whether the bond had been called for redemption. This coupon provided as follows: “The United States of America will pay to bearer on October 15,1934, at the Treasury Department, Washington, or at a designated agency, $1.07, being six months’ interest then due on $50, 4th Liberty Loan 4%% Gold Bond of 1933-1938, unless called for previous redemption.”
It seems clear from what has been said above that in order for plaintiff to recover it would be necessary for the court to ignore the specific and positive provisions of the contract relating to the matter of interest. But plaintiff insists that because the principal of the bond was not paid in gold and that inasmuch as the defendant, at the time the call was issued, intended to redeem the bond in coin or currency of the United States, the call was void and of no effect and that the obligation of the United States to pay interest continued until maturity of the bond. With this we cannot agree. The nature of the call conformed to the requirements of the statute and of the bond, and the action taken by the United States on the date when the principal of the bond became payable under the call, or when it was presented for redemption, which plaintiff claims was not in accordance with the obligation assumed by the United States in the bond, may have given rise to a cause of action with respect to the principal or accrued interest (Perry v. United States, supra; Nortz v. United States, 294 U. S. 317, 328); but any failure of the United States to comply with the contract with respect to payment of the principal of the bond in gold did not change or modify the specific terms of the agreement with respect to interest subsequent to April 15, 1934. Morgan v. United States, supra.
*664 In Machen v. United States, decided June 20, 1936, the District Court for the District of Maryland, denied interest in a case similar to the one at bar, holding that the United States had an unqualified right to call the bond for redemption in accordance with the provision in the bond to which the plaintiff must be deemed to have agreed upon its purchase, and that if the plaintiff considered himself injured by the Government’s failure to redeem by payment in gold, his only remedy was to bring suit upon the principal obligation of the bond.
In a proper case a plaintiff might be entitled to demand interest at the legal rate rather than the contract rate after a bond has been called for redemption and after the principal has become payable. Spaulding v. Lord, supra. But this suit is not and cannot be a suit for legal interest for the reason that an obligation of the United States to pay interest can only arise by its own express consent and contract. United States v. North Carolina, 136 U. S. 211.
Under the terms of the contract involved in this case and upon the facts of record, we are of opinion that plaintiff is not entitled to recover, and its petition is dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; GREEN, Judge; and Booth, Chief Justice, concur.