# Englander, Executor, *v.* Osborne et al.

*Corporations — Stockholders — Right to dividends — Preferred stockholders—Common stockholders—Cumulative dividends.*

1. Priority of preferred stockholders rests upon the contract and beyond the provisions of such contract they occupy no position toward the company different from that of the holders of common stock. When a dividend is declared the former are entitled to first claim to the extent of their preference for the current year and if there remains a sum more than sufficient to pay a similar dividend on the common stock, both classes of stockholders are entitled to share equally in the excess. In the absence of agreement, express or implied, that a dividend shall be cumulative, unpaid dividends in the past cannot be claimed.

2. Plaintiff's decedent was the owner of shares of six per cent. cumulative preferred stock of a corporation. No dividends were paid on either the company's preferred or common stock for a period of nine years, when a dividend of fifty-four per cent. covering the current year and all arrearages was declared and paid on the preferred stock, and at the same time a dividend of equal amount was declared on its common stock. In a suit in equity to restrain the payment of the latter dividend, plaintiff contended that the holders of common stock were not entitled to a dividend of more than six per cent. without sharing the excess equally with the preferred stockholders. Defendants demurred and claimed that the holders of common stock were entitled to receive dividends to an amount sufficient to make up arrearages in past years and equalize the common and preferred stock before holders of the latter were

entitled to receive an excess above the amount of their fixed dividends and arrearges. The certificates of the preferred stock provided "The holders of the preferred stock shall be entitled to receive when and as declared and the company shall be bound to pay a fixed yearly cumulative dividend of six per cent. payable quarterly, before any dividends shall be set apart on the common stock." There was nothing limiting the right of the preferred stockholders to the six per cent. dividend realized on the earnings of the company. *Held,* the court below properly overruled the demurrer and restrained the payment of the dividend on the common stock.

Sternberg v. Brock, 225 Pa. 279, explained.

Argued April 1, 1918.   Appeal, No. 73, Jan. T., 1918, by John G. Hoffman, from decree of C. P. No. 1, Philadelphia Co., Sept. T., 1917, No. 4557, overruling demurrer and awarding an injunction on bill in equity in case of Samuel Englander, Executor of Estate of Matilda DeWitt, deceased, v. Charles Osborne, and John G. Hoffman, Hoffman, DeWitt & McDonough Co., Lydia Hoffman, James Gates, W. Aden, F. Carton, Penna. Co. for Insurance on Lives, Etc., Executor of Estate of Manuel DeWitt, deceased.   Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.  Affirmed.

Bill in equity to enjoin the declaration of a dividend on the common stock of a corporation.  Before SHOEMAKER, J.

The opinion of the Supreme Court states the case.

The court below overruled a demurrer to the bill and entered a decree enjoining the declaration of the dividend.   John G. Hoffman, defendant, appealed.

*Error assigned* was the decree of the court.

*John G. Kaufman,* with him *V. Gilpin Robinson,* for appellant, cited: Sternbergh v. Brock, 225 Pa. 279; Fidelity Trust Co. v. Lehigh Valley R. R. Co., 215 Pa. 610.

*Joseph B. Englander,* for appellee, cited: West Chester & Philadelphia Railroad Co. v. Jackson, Admx. of

Gray, 77 Pa. 321; Fidelity Trust Co. v. Lehigh Valley
R. R. Co., 215 Pa. 610.

OPINION BY MR. JUSTICE FRAZER, May 6, 1918:

Plaintiff's decedent owned certain shares of the
six per cent. cumulative preferred stock of the Hoffman,
DeWitt & McDonough Company, one of the defendants.
No dividends were paid on either the company's pre-
ferred or common stock until 1917, a period of nine years,
when a dividend of fifty-four per cent., covering the cur-
rent year and all arrearages, was declared and paid on
the preferred stock, and at the same time a dividend of
equal amount was declared on its common stock. Plain-
tiff began these proceedings to restrain the payment of
the latter dividend, contending the holders of common
stock were not entitled to a dividend of more than
six per cent. without sharing the excess equally
with the preferred stockholders. Defendants de-
murred and claimed the holders of common stock were
entitled to receive dividends to an amount sufficient to
make up arrearages in past years and equalize the com-
mon and preferred stock before holders of the latter were
entitled to receive an excess above the amount of their
fixed dividends and arrearages. The court below over-
ruled the demurrer and restrained the payment of the
dividend on the common stock. Defendant appealed.

The certificates of the preferred stock of the company
provide: "The holders of the preferred stock shall be en-
titled to receive when and as declared and the company
shall be bound to pay a fixed yearly cumulative dividend
of six per cent. (6%) payable quarterly, before any divi-
dend shall be set apart on the common stock." We find
nothing limiting the right of the preferred stockholders
to the six per cent. dividend, regardless of the earnings
of the company, and in absence of such limitation the
general rule is that such stockholders are entitled to
share with the holders of the common stock all profits
distributed after the latter have received in any year an

amount equal to the dividend on the preferred stock: Fidelity Trust Co. 'v. Lehigh Valley R. R. Co., 215 Pa. 610; Sternbergh v. Brock, 225 Pa. 279; Sterling v. Watson Co., 241 Pa. 105. The priority of the preferred stockholders rests upon the contract and beyond the provisions of such contract they occupy no position toward the company different from that of the holders of common stock. When a dividend is declared the former are entitled to first claim to the extent of their preference for the current year and if there remains a sum more than sufficient to pay a similar dividend on the common stock, both classes of stockholders are entitled to share equally in the excess. In absence of agreement, express or implied, that dividends shall be cumulative, unpaid dividends in the past cannot be claimed: 10 Cyc. 573. Likewise there is no logical reason for holding that common stockholders are entitled to go back of the current year, and claim to be reimbursed for unearned dividends in past years. To do so would render such dividends cumulative in effect without agreement. Accordingly, when during previous years no dividends were earned this was conclusive as to the right of all stockholders, both preferred and common, except for the contractual right of the former to payment out of future profits to the extent of their preference before the latter would be entitled to participate in the earnings. So far as the holders of the common stock were concerned their status was finally determined when, during any current year, there were no profits to be divided. The profits so lost are lost forever, and each new year marks the beginning of a new dividend paying period: Dent v. London Tramways Co., 16 Ch. Div. 344, 353; Morawetz on Corp. (2d Ed.), Sec. 459, cited in 10 Cyc. 573.

The foregoing principles were properly applied by the learned judge of the court below. No different rule was suggested by this court in Sternbergh v. Brock, supra, relied upon by appellant. The statement by this court that (page 287) "it is to be assumed that before the

holders of preferred stock could claim more than five per cent: dividends that they received, the holders of the common stock were entitled to receive a dividend of the same percentage on the par value of their shares" cannot be construed as giving the holders of the common stock the right to reimbursement for dividends unpaid in past years before the preferred stockholders are entitled to participate in the excess profits of a given year. The question there before the court was whether preferred stockholders were limited to dividends to the amount of their preference or whether they were entitled to participate in excess profits in any year after the common stockholders had received a dividend equal to that paid on the preferred stock. There was no claim made by the holders of the common stock for reimbursement for dividends unpaid in the past, though it appears from the opinion of this court (pages 286, 287) that past dividends on common stock did not equal dividends on preferred stock. Notwithstanding this fact the preferred stockholders were permitted to participate with the common stock in an excess of dividends earned in a particular year. Aside from the fact that the question now before us was apparently not raised or discussed, the case, instead of supporting appellant's view, is authority in support of the conclusion reached by the court below.

The assignments of error are overruled and the decree of the court below affirmed.