COLLINS v. PORTLAND ELECTRIC POWER CO. et al.

KURTZ et al. v. COLLINS et al.

COLLINS v. KURTZ et al.

(Circuit Court of Appeals, Ninth Circuit. April 30, 1926.)

Nos. 4740, 4741.

1. Corporations ⬤➙156—Where net profits in a particular year were sufficient to entitle holders of preferred noncumulative stock to payment of dividends for that year, directors may declare and pay such dividends in subsequent year.

Under provisions of the articles of incorporation that second preferred stockholders should be entitled to dividends out of the net profits at the rate of 6 per cent., payable as the directors might determine, before payment of dividends on common stock, but such dividends should not be cumulative where there were not sufficient net profits applicable thereto in a particular year to pay such dividends they cannot be paid from profits of subsequent years but where the net profits of a particular year were sufficient to authorize payment of dividends on such stock for that year, and they were not devoted to some corporate purpose, the directors may declare and pay such dividends in a subsequent year.

2. Corporations ⬤➙156—Rights of preferred stockholders to dividends held not impaired by provision authorizing directors to declare dividend on common stock after partial payment of dividend on preferred stock.

Articles of incorporation of a corporation authorized the directors to pay dividends on common stock "provided * * * dividends on the second preferred stock, at the rate of 6 per cent. per annum, for a period of 6 months immediately preceding the day on which the common stock dividend is paid, shall have been paid in full." *Held* that such provision was administrative, and did not impair the primary right of the holders of second preferred stock to priority of payment in full.

Appeal from the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Two suits by James C. Collins against the Portland Electric Power Company and others and William Fulton Kurtz and another, executors of William B. Kurtz (substituted for William B. Kurtz), and others, in the first of which William B. Kurtz and others filed a cross-suit against the Portland Electric Power Company and James C. Collins. Suits tried together, and from the decrees both parties appeal. Affirmed.

For opinion below, see 7 F.(2d) 221.

Prior to July 1, 1915, the Portland Electric Power Company had outstanding but one class of stock, its common stock. On that date it created and issued two new classes of stock, its 6 per cent. preferred stock and its 6 per cent. second preferred stock. In 1921 it created its 7 per cent. prior preference stock, and in 1924 its 7.2 per cent. first preferred stock. On March 27, 1925, its board of directors declared a dividend of one-half of 1 per cent. upon its second preferred stock for the year 1920, a like dividend upon such stock for the year 1921, and a like dividend thereon for the year 1923, a previous dividend of 1½ per cent. having been declared and paid upon such second preferred stock for the year 1923.

The articles of incorporation, after providing for dividends upon prior preference stock and first preferred stock out of the sur-

plus or net profits before any dividends shall be set apart for or paid upon the second preferred stock or the common stock, provide as follows:

"The dividend upon the prior preference stock of every series and the first preferred stock shall be cumulative, but accumulations of dividends shall not bear interest. The holders of the second preferred stock are entitled to receive, when and as declared, out of the surplus or net profits of the company, dividends at the rate of 6 per cent. per annum, payable as the board of directors may determine, before any dividends shall be set apart for or paid upon the common stock. The dividends upon the second preferred stock shall not be cumulative. The board of directors may pay dividends upon the first preferred stock provided the dividends upon the prior preference stock, with all accumulations, including accrued dividends to the date of payment of the first preferred stock dividend, shall have been paid in full or a sum sufficient for the payment thereof shall have been set apart for that purpose, but not otherwise, and may pay dividends upon the second preferred stock, provided the dividends upon the prior preference stock and upon the first preferred stock, with all accumulations including accrued dividends to the date of the payment of the second preferred stock dividend, shall have been paid in full, or a sum sufficient for the payment thereof shall have been set apart for that purpose, but not otherwise, and may pay dividends upon the common stock, provided the dividends upon the prior preference stock and upon the first preferred stock, with all accumulations, including accrued dividends, to the date of the payment of the common stock dividend, and dividends on the second preferred stock at the rate of 6 per cent. per annum for a period of 6 months immediately preceding the day on which the common stock dividend is paid, shall have been paid in full, or a sum sufficient for the payment thereof shall have been set apart for that purpose, but not otherwise. The holders of the common stock are entitled to receive all additional surplus or net profits distributed in dividends after the dividends above provided for shall have been paid or set apart."

The appellant, a holder of common stock, brought suit to enjoin the payment of the dividends so declared on the ground that they were unauthorized under the company's charter and the stock contracts. On April 23, 1925, the board of directors declared a cash dividend of 10 cents a share on the common

stock of the company for the year 1924, payable June 1, 1925. The cross-appellants, being second preferred stockholders, joined in a suit against the company to enjoin the payment of that dividend. The court below held the appellant entitled to the relief prayed for as to the dividend of one-half of 1 per cent. upon the second preferred stock for the year 1920 and enjoined the payment thereof out of the surplus of net profits for the year 1920, on the ground that the said profits were no more than sufficient to pay prior charges thereon, but denied relief which the appellant prayed for as to dividends for the years 1921 and 1923. At the suit of the holders of the second preferred stock, the court enjoined the payment of the dividend of 10 per cent. per share declared upon the common stock out of the net profits of the year 1924, on the ground that the charter and stock certificates required that dividends be declared upon the preferred stock .out of the surplus of the earnings for the year 1924 before any dividend may be set apart upon the common stock. In the first suit the appellant appeals from that portion of the decree which denies the relief he prayed for as to the dividends declared upon the second preferred stock for 1921 and 1923. - The holders of the second preferred stock appeal from the portion of the decree which enjoins the payment of the dividend upon that stock for the year 1920. The appellant also appeals from the decree rendered against him in the second suit.

Earl C. Bronaugh, of Portland, Or. (Robert T. Swaine, of New York City, New York, of counsel), for Collins.

Griffith, Peck & Coke, of Portland, Or., for Portland Electric Power Co.

Paul C. Wagner, Henry A. McCarthy, Percy H. Clark, and Joseph S. Clark, all of Philadelphia, Pa.; for Kurtz and others.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The two suits present the same controversy from the viewpoint of diverse interests. They were heard together in the court below, and by the appeals and the cross-appeal they are brought to this court and are here presented as a single controversy.

It is the contention of the cross-appellants that their stock contract gives them the right to receive dividends in preference to the common stock at 6 per cent. per annum out of the earnings of each year, and that the contract, notwithstanding the clause,

"shall not be cumulative," creates a mandatory charge upon the annual earnings of the company as if it read, "shall be cumulative to the extent that such dividends are earned in each year," and that dividends may not be paid in any year upon the common stock until all these dividends upon second preferred stock have been paid, and this notwithstanding the express provision of the contract that the company may pay dividends on the common stock provided dividends on the second preferred stock at the rate of 6 per cent. per annum for a period of 6 months immediately preceding the date of the payment of the common stock dividend shall have been paid.

On the other hand, it is the contention of the appellant that no part of the unpaid dividend on the noncumulative second preferred stock shall accumulate from year to year, whether or not the company had earnings from which the directors might in their discretion have paid dividends upon that stock, and that the stock contract expressly permits the declaration of dividends upon the common stock as against holders of the second preferred stock upon the fulfillment of the single condition of the payment of dividends on the noncumulative second preferred stock at the rate of 6 per cent. for 6 months immediately preceding that date, irrespective of the accumulations of the noncumulative dividends. It was shown that the corporation earned for the year 1920 $187,545 in excess of the full dividends for that year upon all stocks having priority over the second preferred stock, and that for the year 1921 the company earned more than $300,000 in excess of all dividends for that year having priority over the second preferred stock, and for the year 1923 earned a like sum, out of which two dividends upon the second preferred stock of $75,000 each were paid at the close of that year and on March 1, 1924, so that they received $150,000 out of the earnings of 1923.

The controversy between the parties on this appeal is narrowed to the issue whether dividends upon the second preferred stock are lost if not declared and paid within the year, notwithstanding that there may have been earnings sufficient to pay all or part thereof, or whether the fact that the earnings were made gave to the holders of second preferred stock a positive right to dividends out of the said earnings, with the result that the directors might lawfully declare and pay such dividends in subsequent years. Upon this issue the respective parties

rely largely upon the same decisions, but they derive contrary conclusions therefrom.

The mere designation of stock as preferred has little significance. Its meaning depends upon the construction to be placed upon the contract as expressed in stock certificates or otherwise. " 'Preferred stock takes a multiplicity of forms according to the desire and ingenuity of the stockholders and necessities of the corporation itself.' It is a matter of contract." Scott v. B. & O. Railroad Co., 93 Md. 475, 497, 49 Atl. 327. Preferred stock does not represent a debt nor a pledge of profits in favor of the holders thereof in preference to others. New York, etc., Ry. v. Nickals, 119 U. S. 296, 7 S. Ct. 209, 30 L. Ed. 363. It represents a preference only in case there shall be profits to divide (Taft v. Hartford etc. R. Co., 8 R. L. 310, 332, 5 Am. Rep. 575), and a declaration of a dividend out of net profits contrary to the judgment of the directors is not required by the fact that they have guaranteed payment of dividends on preferred shares under a statute permitting a guaranty of such dividends payable cumulatively out of net profits (Field v. Lamson, etc., Mfg. Co., 162 Mass. 388, 38 N. E. 1126, 27 L. R. A. 136), and the right of preferred shareholders to dividends is ordinarily confined to the profits in each particular year, and, unless it is expressly so provided, such dividends do not accumulate, so that if they cannot be paid in any year, they are not chargeable on the profits of a succeeding year so as to be payable thereout to the prejudice of the common stockholders. Staples v. Eastman Photographic Materials Co., 65 L. J. Ch. 682; Haseltine v. Belfast, etc., R. Co., 79 Me. 411, 10 A. 328, 1 Am. St. Rep. 330.

The provision that dividends shall be noncumulative is not conclusive of the question of the rights of preferred stockholders to dividends out of cumulative earnings. Notwithstanding the use of that provision, the applicable statute or by-law or stock certificate may have the effect to create a charge upon the annual earnings in favor of the preferred stockholders. Thus in Moran v. Cast Iron Pipe & Foundry Co., 95 N. J. Eq. 389, 123 A. 546, affirmed 96 N. J. Eq. 698, 126 A. 329, the Corporation Act imposed upon the corporation the duty of paying the preferred stockholders a fixed yearly dividend to be expressed in the certificate not exceeding 8 per cent. per annum. This was held binding upon the corporation, notwithstanding that the stock certificate declared that the preferred stockholders should be entitled out of surplus

net profits whenever declared by the directors "to noncumulative dividends at the rate not to exceed 7 per cent." The statute was held controlling. No statute of Oregon affects the questions involved in the present cases. They depend wholly upon the articles of incorporation and the terms and provisions of .the stock certificates. Therein it is expressly provided that the dividends upon the second preferred stock shall not be cumulative. In Cook on Corporations, § 273, it is said:

"When preferred stock is issued it is generally specified whether it is cumulative or noncumulative. In the former case all arrears of dividends must be paid on the preferred stock before any dividend is paid on the common. In the latter case the contrary is the rule."

In 7 R. C. L. 287, it is said:

"When the contract of preferred stock provides that dividends shall be noncumulative, it is plain that, if the holders of such stock do not get their dividends in each particular year, they can never have them, but even when the stock is specified as noncumulative, the holders may be entitled to arrearages of dividends when the contract provides that the shareholder shall be absolutely entitled to dividends whenever in any year the net earnings are sufficient for the payment thereof, * * * since under these . circumstances the stockholders whose rights are fixed are entitled to their dividends whether the directors declare it or not. It requires, however, the specification of but few words to induce the courts to interpret all dividends as noncumulative."

The expressions so quoted from the text-writers and other like expressions found in the decisions, to the effect that, if the holders of stock which is subject to the restriction that dividends thereon shall be noncumulative "do not get their dividends in each particular year, they can never have them," or that "the arrearages of one year cannot be paid out of the earnings of a subsequent year," are asserted by the respective parties to this appeal to have two irreconcilable meanings. For the appellant it is claimed that, notwithstanding that there may be net profits out of which dividends might have been declarable in favor of such stockholders, yet, if the directors failed to declare the same, the arrearages may not·be carried forward subject to distribution in a subsequent year. On the other hand, the cross-appellants contend that the meaning of the term "noncumulative" as here applied is that the holders of such stock are entitled to the. stipulated dividends in each year, provided there are net profits out of which to pay the same, and that the failure of the directors to declare such dividends cannot affect their contractual rights, and that the directors in a subsequent year may lawfully declare the dividends for preceding years in which there has been failure to declare them; that the right to such dividends, having become fixed, a subsequent recognition thereof is not violative of the provision that the dividends are noncumulative.

In support of this view, the cross-appellants cite Wood v. Lary, 47 Hun, 550, where .the certificates provided that the holders thereof were entitled to dividends not exceeding 6 per cent. and noncumulative, whenever in any year the net earnings, after payment of all interest charges, should suffice for the payment thereof. After passing dividends for four years and accumulating a considerable sum which had been expended for construction which sum otherwise would have been available for dividends, a dividend was declared, payable in bonds of the company. The court held that the provision of the certificate above quoted placed the question of the stockholders' rights beyond the discretion of the directors, and gave them the right to the profits as dividends. Other cases are cited such as Moran v. United States Cast Iron Pipe & Foundry Co., 95 N. J. Eq. 389, 123 A. 546, holding that dividends earned but not paid upon preferred stock are not lost because of the failure of the directors to declare them within the year in which they are earned, but may be declared and paid in subsequent years, but the value of those cases as precedents here is limited somewhat by the fact that such a ruling was indicated in a controlling statutory provision. There are cases, on the other hand, holding in general terms that, in the absence of an agreement, expressed or implied, dividends shall be cumulative, unpaid dividends in the past cannot be claimed. Lockwood v. General Abrasive Co., 210 App. Div. 141, 205 N. Y. S. 511; Englander v. Osborne, 261 Pa. 366, 104 A. 614, 6 A. L. R. 800; Dent v. London Tramways Co., 16 Ch. Div. 344, 353. But there is little in those decisions to throw light on the question of the power of directors subsequently to declare a dividend out of the earnings of a prior year, when in fact there were net profits for that year out of which the dividend ought to have been paid.

The appellant relies upon Norwich Water Power Co. v. Southern Railway Co., a decision of the law and equity court of the· city

of Richmond of June 27, 1925,[1] not yet reported, in which the court said:

"Where the dividends are declared to be noncumulative, that phrase carries with it the general idea that the dividends, if not declared and paid within any one year, although earnings exist for that year, are lost to the preferred stockholder, * * * the right to the dividend is measured by the action of the board of directors in any one year, and the failure to declare the dividend in any one year prevents it from accumulating as a further charge upon the earnings of the company then existing, or which may be subsequently acquired."

But the court added the qualifying statement that, when the directors fail to declare dividends for the benefit of preferred stockholders in any year in which the earnings were sufficient for that purpose, "and in the bona fide exercise of their discretion allow those earnings not declared as dividends to be used for general corporate purposes as they deem best, such failure to declare a dividend settled the question as to the right of any class of stockholders to demand payment out of the then existing or future earnings of the railroad company of any such passed dividend." It thus appears that, in the view of the court, if the directors fail to declare noncumulative dividends on preferred stock within the year, they have the right to do this voluntarily at a later date, but that the preferred stockholders have no right to demand such action where the directors have, in the exercise of their discretion, devoted the earnings to appropriate corporate purposes.

[1] In the light of the authorities, we think the fair and reasonable construction of the contract here involved is that the applicable inhibition against the declaration of dividends is that which is expressed in 14 C. J. 421, that, where the dividends are noncumulative and no profits are made in a particular year, "the preferred stockholders are not entitled to have the dividends for that year made up out of the profits made in subsequent years." Conversely it follows that, where profits are made in a particular year, and they are not devoted to some corporate purpose, there is no reason why directors may not in a subsequent year declare dividends and pay them. While the directors in the case at bar disregarded the inhibition, as the court below found, in)declaring dividends for the year 1920, payable out of the profits of subsequent years, it is otherwise with their declaration of dividends for the years 1921 and 1923, for the dividends for those years were made up of the profits of those years, and they may be regarded as belated dividends which might have been declared at the end of each of those years, the power to declare the same not having been lost by the delay.

This view of the meaning of the contract here involved is implied in the leading case of New York, etc., R. R. Co. v. Nickals, 119 U. S. 296, 7 S. Ct. 209, 30 L. Ed. 363, where the court held that a stock contract entitling the holders thereof to noncumulative dividends at 6 per cent. per annum in preference to the payment of dividends on the common stock, but dependent on the profits of each particular year as declared by the board of directors, did not of right entitle the stockholders to dividends payable out of the net profits of any year, "unless the directors of the company formally declare, or ought to declare, a dividend payable out of such profits," and that, "whether a dividend should be declared in any year is a matter belonging in the first instance to the directors to determine, with reference to the condition of the company's property and affairs as a whole."

In the present case, the directors, by declaring dividends for the years 1921 and 1923, have recognized that the dividends ought to have been declared for those years, and that the condition of the company's property and affairs as a whole justified their later action in declaring them.

[2] We are not convinced that the court below was in error in construing, as it did, the "six months" clause of the contract, and in holding that that clause is administrative in its concept, and should not be permitted to impair the primary right of the second preferred stockholders, and that it was not designed to authorize the board to split any part of the earned annual dividend on that stock by giving the holders thereof 3 per cent. per annum for the six months' period and giving to the common stockholders the remaining 3 per cent.; the contract having theretofore specified in definite terms to the contrary the respective rights and preferences of the second preferred stockholders and the common stockholders.

The decrees are affirmed.

---

[1] Opinion rendered by Judge Beverley T. Crump. A petition was presented to the Supreme Court of Appeals, which was refused. An oral hearing was later granted to the petitioners to argue the right for an appeal, and the court still refused the appeal. No opinion.